**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION**

GRATUITY SOLUTIONS, LLC and
GRATUITY, LLC

          Plaintiffs,                      Case No.: 2:24-cv-00737-JLB-NPM

      v.

TOAST, INC.

          Defendant.

**DEFENDANT'S UNOPPOSED MOTION TO FILE UNDER SEAL**

Pursuant to Local Rule 1.11, Defendant Toast, Inc. ("Defendant" or "Toast"), under 18 U.S.C. § 1835, by and through its undersigned counsel, hereby respectfully moves to file under seal unredacted copies of the documents identified in section 1.A below. The documents sought to be sealed either contain Toast's highly confidential, competitive business information, or reveal what Plaintiffs Gratuity Solutions, LLC and Gratuity, LLC ("GS") call their trade secrets. These documents are filed in response to Plaintiffs' Motion for a Preliminary Injunction, which was filed with exhibits under seal. (Doc. 57)

**I.**     **Local Rule 1.11 Required Information**

     *A.*     *Identification and description of each item proposed for sealing.*

The documents proposed for sealing are:

     1. Defendant's Opposition to Plaintiffs' Motion for a Preliminary Injunction;

2. Declaration of Jake Schroden;

3. Declaration of Katherine Kerr; and,

4. Declaration of Eric Bisceglia and accompanying exhibits.

B.    *The reason that filing each item is necessary.*

The central issue in this case is whether Toast misappropriated GS's purported trade secrets and confidential information as alleged by GS, and whether any of GS's information is used in Toast's gratuity management solution, "Toast Tips Manager." The filing of these documents is necessary to allow the Court to properly understand and weigh the parties' positions.

C.    *The reason that sealing each item is necessary.*

The documents requested to be sealed contain either information that reflects Toast's non-public, confidential financials and if publicly disseminated would negatively harm its business relationships, or descriptions of what GS claims are their trade secrets.

D.    *The reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal.*

By their nature proprietary trade secrets, confidential information and procedures are kept confidential as a whole. This complete protection from disclosure is necessary for a business. The sealing of trade secrets, confidential information and procedures is the only adequate method of maintaining the confidentiality of the trade secrets, confidential information and procedures as a whole. Other means, which would protect less than the complete trade secrets,

2

confidential information and procedures from disclosure are not adequate. Likewise, there is no other means available to preserve GS's alleged trade secrets and confidential information other than to file the documents under seal.

        *E.     A statement of the proposed duration of the seal.*

Toast proposes that this Court order the documents sealed for the maximum 90 days after this case is closed and all appeals exhausted as allowed under the Local Rules, after which time, Toast will retrieve the documents from the Clerk of Court when made available by the Clerk of Court for retrieval by:

> Srikanth K. Reddy, Esq.
> Goodwin Procter LLP
> 100 Northern Avenue
> Boston, MA 02210
> SReddy@goodwinlaw.com
> (617) 570-1000

## ARGUMENT

Good cause exits to seal these documents in whole or in part. Although there is presumption that the public has a right to access judicial records, the presumption is not absolute. *See Toms v. State Farm Life Ins. Co.*, No. 8:21-CV-736-KKM-JSS, 2022 WL 2953523, at *2 (M.D. Fla. July 26, 2022). "Courts in this District have recognized that maintaining the privacy of confidential business information can constitute good cause for keeping documents from the public view." *CVS Pharmacy, Inc. v. Labuhn*, No. 6:24-CV-897-PGB-EJK, 2024 WL 2702074, at *2 (M.D. Fla. May 24, 2024) (collecting cases). The documents requested to be sealed contain either information that reflects Toast's non-public, confidential financials and if publicly

disseminated would harm would negatively harm its business relationships, or descriptions of what GS claims are their trade secrets. For these reasons, the Court should grant Toast's motion to file under seal. *See, e.g.*, *Patent Asset Licensing, LLC v. Bright House Networks, LLC*, No. 3:15-cv-742-J-32MCR, 2016 WL 2991057, *2 (M.D. Fla. May 24, 2016); *Barkley v. Pizza Hut of Am., Inc.*, No. 6:14-cv-376-Orl-37DAB, 2015 WL 5915817, at *3 (M.D. Fla. Oct. 8, 2015). Toast will work with GS to file redacted, public versions of Defendant's Opposition as soon as possible.

WHEREFORE, Toast respectfully requests that this Court enter an Order granting Toast's Unopposed Motion to File Under Seal.

## LOCAL RULE 3.01(g) CERTIFICATION

I hereby certify that prior to the filing of this Motion to File Documents Under Seal, counsel for Toast conferred with counsel for Plaintiffs in a good faith attempt to resolve the issues raised herein and Plaintiffs' counsel stated that Plaintiffs do not oppose the Motion to File Documents Under Seal as it relates to the information and documents also filed under seal in connection with Plaintiffs' Motion for a Preliminary Injunction.

Dated: November 15, 2024

/s/ Srikanth K. Reddy
Srikanth K. Reddy, Esq., *Lead Counsel* (*pro hac vice*)
Massachusetts Bar # 669264
Kate E. MacLeman, Esq. (*pro hac vice*)
Massachusetts Bar # 684962
Goodwin Procter LLP

4

100 Northern Avenue
Boston, MA 02210
(617) 570-1000
SReddy@goodwinlaw.com
KMacLeman@goodwinlaw.com

Andrew Ong, Esq. (*pro hac vice*)
California Bar # 267889
Goodwin Procter LLP
601 Marshall Street
Redwood City, CA 94063
(650) 752-3153
AOng@goodwinlaw.com

Kelli A. Edson, Esq.
Florida Bar No. 179078
Quarles & Brady LLP
101 East Kennedy Boulevard
Suite 3400
Tampa, FL 33602-5195
(813) 387-0300
kelli.edson@quarles.com
Secondary emails:
lauren.gibson@quarles.com
rebecca.wilt@quarles.com
DocketFL@quarles.com

*Counsel for Toast, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed on

November 15, 2024, with the Clerk of Court using the CM/ECF portal. I also certify

that a true and correct copy was served this day on all counsel of record via email

and transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Srikanth K. Reddy*

5