**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

GRATUITY SOLUTIONS LLC
AND GRATUITY LLC,

      *Plaintiffs,*

v.                                     Case No. 2:24-CV-737-JLB-NPM

TOAST, INC.,

      *Defendant.*

_____

### Uniform Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all. By submitting this Case Management Report, Toast, Inc. ("Toast") does not consent, and expressly objects, to this Court's personal jurisdiction over it.

1. **Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted planning conferences on October 17 and 18, and December 2, 6, and 9, 2024. Alan Wright for Plaintiffs and Kate MacLeman and Srikanth Reddy for Defendant attended the conferences.

2. **Deadlines and Dates**

The parties do not agree on the proposed deadlines for this matter and submit the following proposed counterproposals for the Court's consideration.

a. Plaintiffs' Proposal

| Action or Event | Date |
| --- | --- |
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 12/20/2024 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 12/30/2024 |
| Deadline for serving expert disclosures under Rule 26(a)(2), incl. any report required by Rule 26(a)(2)(B).<br><br>Plaintiff | 6/13/2025 |
| Defendant | 7/18/2025 |
| Rebuttal | 8/1/2025 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 8/16/2025 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 8/29/2025 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. Mediator TBD based on availability. | 12/12/2025 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 10/31/2025 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 11/21/2025 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 1/30/2026 |
| Month and year of the trial term. | 2/2/2026 |

The trial will last approximately 5 days and will be

☒ jury.

☐ non-jury.

        b.     <u>Defendant's Proposal</u>[1]

Defendant requests that all deadlines (discovery or otherwise) be stayed pending a decision on its Motion to Dismiss, or Alternatively, to Transfer ("Motion to Dismiss or Transfer"). *See* D.I. 56 (Motion to Stay); D.I. 54 (Motion to Dismiss or Transfer). A stay is particularly warranted here because the Motion to Dismiss or Transfer is likely to dispose of this case, and so a stay will promote judicial efficiency.

Defendant's proposal seeks to balance this Court's desire to complete discovery expeditiously, while also promoting efficiency by avoiding litigating claims that fail on their face. Defendant's proposal is also warranted because if this case were to proceed past the pleadings stage, Defendant anticipates raising one or more counterclaims based on Plaintiff's abuse of process. Accordingly, it would be inefficient for discovery to commence before Defendant pleads its counterclaims and makes clear grounds for discovery not covered by Plaintiff's existing claims.

If Defendant's Motion to Dismiss or Transfer were to be denied, then discovery will begin immediately, and Defendant proposes that deadlines would proceed in the same cadence as proposed by Plaintiffs above.

## 3. Description of the Action

The Second Amended Complaint ("SAC") alleges that Defendant has engaged in "misappropriation of Plaintiffs' trade secrets and other confidential information," and specifically that "certain of Toast's officers, directors, and/or members of its Customer Advisory Board(s)" have "obtained access to Plaintiffs' trade secrets and other confidential information pursuant to confidentiality agreements," and subsequently used those "protected trade secrets and other confidential information . . . to develop its own competing systems" for gratuity management. SAC ¶ 1. Based on this core allegation, the SAC raises claims for misappropriation of trade secrets under the Defend Trade Secrets Act (18 U.S.C. § 1836) and Florida's Uniform Trade Secrets Act (Fla. Stat. § 688.001 *et seq.*), as well as conspiracy to misappropriate GS's trade secrets and intentional interference with contract.

---

[1] As set forth in its Motion to Dismiss or Transfer (D.I. 54), Defendant disputes that personal jurisdiction is proper in this district.

**4.  Disclosure Statement**

☒  Each party has filed a disclosure statement using the required form.

**5.  Related Action**

☒  The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

**6.  Consent to a Magistrate Judge**

"A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).

The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐  The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒  The parties do not consent.

**7.  Preliminary Pretrial Conference**

☐  The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☒  The parties do request a preliminary pretrial conference.  Plaintiffs want to discuss court preferences and procedures for trial, jury selection procedures, and motions *in limine* procedures.  Defendant wants the Court to hear argument on its Motion to Stay Discovery until after a ruling on its Motion to Dismiss, or Alternatively, to Transfer, and to discuss the case schedule, including the timing of the outstanding Motion for Preliminary Injunction, and discovery limitations going

forward given the related, overlapping action filed by Plaintiffs that is still pending in the District of Massachusetts.

## 8.   Discovery Practice

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒   The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

## 9.   Discovery Plan

The parties submit the following discovery plan under Rule 26(f)(2):

A.   The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☒   Yes.
☐   No; instead, the parties agree to these changes: enter changes.

B.   Discovery may be needed on these subjects: Plaintiffs' alleged trade secrets; access to same by Defendant and/or members of its Customer Advisory Boards; misappropriation of same; awareness of restrictions on Plaintiffs' alleged trade secrets; all persons involved in above; extent and location of storage and use of such alleged trade secrets by Defendant; damages including customers, accounts, and financial information from Toast; and Plaintiffs' abuse of process.[2]

C.   Discovery should be conducted in phases:

☒   No.
☐   Yes; describe the suggested phases.

D.   Are there issues about disclosure, discovery, or preservation of electronically stored information?

---

[2] The Parties do not waive and expressly reserve all rights to object to each other's discovery requests.

☐   No.

☒   Yes; It is Plaintiffs' position that they require ESI discovery of Defendant and members of its Customer Advisory Board, in whatever form (telephonic, text, email, other forms of communication and possible third-party discovery). It is Defendant's position that it will preserve discovery that is in its care, custody, and control.  If Plaintiffs require documents from non-parties, then there is a separate procedure Plaintiffs must follow.

E.   ☒   The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d), and the parties request that the Court include an agreement under FRE 502(d) in its order.

F.   The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒   No.
☐   Yes; describe the stipulation.

## 10. Request for Special Handling

☒   The parties do not request special handling.

☐   The parties request special handling. Specifically, describe requested special handling.

☐   Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒   The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

/s/ Alan Wright                              /s/ Srikanth K. Reddy
(Signed by Srikanth Reddy with
permission of Alan Wright)
/s/ Srikanth Reddy

6

Alan Wright (*pro hac vice*)
Lead Counsel
Virginia Bar No. 46506
awright@devlinlawfirm.com

Timothy Devlin (*pro hac vice*)
Delaware Bar No. 4241
tdevlin@devlinlawfirm.com
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Tel: (302) 449-9010

Louis D. D'Agostino
Florida Bar No. 776890
Rachael S. Loukonen
Florida Bar No. 668435
CHEFFY PASSIDOMO, P.A.
821 Fifth Avenue South
Naples, FL 34102
Tel: (239) 261-9300

*Attorneys for Plaintiffs*

Srikanth K. Reddy (*pro hac vice*)
Lead Counsel
MA Bar No. 669264
sreddy@goodwinlaw.com

Kate E. MacLeman (*pro hac vice*)
MA Bar No. 684962
kmacleman@goodwinlaw.com
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
Tel: (617) 570-1000

Andrew Ong (*pro hac vice*)
CA Bar No. 267889
601 Marshall Street
Redwood City, CA 94063
Tel: (650) 752-3153
aong@goodwinlaw.com

Kelli A. Edson (FL Bar No. 179078)
QUARLES & BRADY LLP
101 East Kennedy Blvd, Suite 3400
Tampa, FL 33602-5195
Tel: (813) 387-0300
kelli.edson@quarles.com
DocketFL@quarles.com

*Attorneys for Defendant*

7

## CERTIFICATE OF SERVICE

I hereby certify that on December 9th, 2024, the foregoing document was electronically filed on via the Court's CM/ECF system, which will send notification of filing to all counsel of record.

/s/ Srikanth K. Reddy
Srikanth K. Reddy

8